

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature: Harlin DeWayne Hale]*

Signed December 19, 2006                                    **United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | Case No. 05-86875-HDH |
| SAV-ON, LTD., | § | |
| | § | Hearing Date: December 19, 2006 |
| Debtor. | § | Hearing Time: 9:30 a.m. |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH CONFIRMATION OF CHAPTER 11 JOINT PLAN OF LIQUIDATION PROPOSED BY DEBTOR AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

On the 19th day of December, 2006, in Dallas, Texas, came on for consideration by this Court the hearing on confirmation of the Chapter 11 Joint Plan of Liquidation Proposed by the Debtor and Official Committee of Unsecured Creditors (collectively "Proponents"), dated September 27, 2006 (the "Joint Plan"). All parties appearing in connection with the confirmation of the Joint

FINDINGS OF FACT AND CONCLUSIONS OF LAW – Page 1

Plan were duly noted on the record.

After consideration of the Joint Plan, the evidence presented, the arguments of counsel, together with the records and files in this Chapter 11 proceeding, this Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Chapter 11 bankruptcy case of Sav-On, Ltd. ("Sav-On", "Debtor" or "Debtor-in-Possession"), was commenced pursuant to Voluntary Petition filed November 19, 2005 (the "Petition Date").

2. Following the Petition Date, the Debtor operated as a Debtor-in-Possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108.

3. The Joint Disclosure Statement referring to that certain Joint Plan filed by the Proponents was approved by that certain Order Approving Joint Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of the Joint Plan, Combined with Notice Thereof (the "Disclosure Statement Order") entered November 15, 2006.

4. Copies of the Joint Disclosure Statement, the Ballot for accepting or rejecting the Joint Plan, the Joint Plan, and the Disclosure Statement Order were properly and timely mailed to all known creditors and parties in interest in this Chapter 11 case on November 17, 2006.

5. No objections to confirmation were timely filed.

6. The Joint Plan complies with the applicable provisions of Title 11, United States Code.

7. The Proponents of the Joint Plan have complied with the applicable provisions of Title 11, United States Code.

8. The Joint Plan has been proposed in good faith and not by any means forbidden

**FINDINGS OF FACT AND CONCLUSIONS OF LAW – Page 2**

by law.

9. Any payment made or to be made by the Debtor for services or for costs and expenses incurred in or in connection with the case or in connection with the Joint Plan, has been approved by, or is subject to the approval of, the United States Bankruptcy Court as reasonable.

10. The Joint Plan does not provide for any rate changes subject to approval by any governmental or regulatory commission with jurisdiction over the rates of the Debtor or its successor.

11. Each holder of an Allowed Claim or an Allowed Interest in each class of Allowed Claims or Allowed Interests in the Joint Plan has accepted the Plan or wi11 receive or retain under the Joint Plan on account of such Allowed Claim or Allowed Interest property of a value as of the Effective Date that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

12. Classes 1 and 2 are not impaired under the Joint Plan. All other Classes of Claims and Interests are deemed impaired.

13. Class 3, the only non-insider voting impaired Class, has accepted the Joint Plan in accordance with Section 1126 of the Bankruptcy Code. The Ballot Summary containing the tabulation of votes was admitted into evidence without objection.

14. At least one class of Allowed Claims impaired under the Joint Plan has accepted the Joint Plan, determined without regard to or inclusion of any acceptance of the Joint Plan by any insider.

15. The Joint Plan does not discriminate unfairly and is fair and equitable with regard to each class of Claims or Interests.

16. The Joint Plan provides that the holder of an Allowed Claim specified in Section

507(a) of the Bankruptcy Code shall receive cash equal to the allowed amount of such Allowed Claim on the Effective Date or as soon thereafter as is practicable.

17. Confirmation of the Joint Plan is not likely to be followed by the need for further financial reorganization of the Debtor, except to the extent that such liquidation or reorganization is proposed in the Joint Plan.

18. All fees payable under Section 1930 of Title 28, United States Code, as determined by the Court have been paid or the Joint Plan provides for the payment of all such fees on the Effective Date.

19. The Joint Plan and all transactions contemplated thereunder do not have as their principal purpose the avoidance of any taxes.

20. To the extent any of the Conclusions of Law set forth below include Findings of Fact, they are incorporated herein by this reference.

## CONCLUSIONS OF LAW

21. To the extent any of the Findings of Fact set forth above include Conclusions of Law, they are incorporated herein by this reference.

22. The proceeding with respect to the confirmation of the Joint Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Bankruptcy Court has jurisdiction over the Debtors' Chapter 11 case pursuant to 28 U.S.C. § 157(a) and has jurisdiction to make the Findings of Fact and Conclusions of Law referred to herein and to enter the Order Confirming Joint Plan, dated of even date herewith and entered concurrently herewith.

23. The Joint Plan was prepared and filed in compliance with the applicable provisions of title 11, United States Code, contains all provisions required by Section 1123 of the Bankruptcy Code, and contains only such other provisions as are permitted by Section 1123 of the

Bankruptcy Code and as are consistent with Title 11, United States Code.

24. All Claims and Interests have been properly classified in the Joint Plan in accordance with Section 1122 of the Bankruptcy Code.

25. Notice of the hearing to consider confirmation of the Joint Plan, the date fixed for filing acceptances or rejections of the Joint Plan and the date fixed for filing objections to confirmation of the Joint Plan was appropriate and the best notice possible under all of the circumstances, as required by Section 102(1) of the Bankruptcy Code, Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure and all other applicable law.

26. The Joint Disclosure Statement complies with the applicable provisions of Title 11, United States Code, including, without limitation, Section 1125 of the Bankruptcy Code.

27. The solicitation of acceptances of the Joint Plan by the Proponents, including, without limitation, the procedures adopted and followed by the Proponents in transmitting, receiving and tabulating acceptances and rejections of the Joint Plan, were in compliance with Sections 1125 and 1126 of the Bankruptcy Code and applicable bankruptcy rules and were appropriate and adequate under all of the circumstances of this case.

28. All of the requirements for confirmation of the Joint Plan specified by Section 1129(a) of the Bankruptcy Code have been satisfied.

29. The Joint Plan should be CONFIRMED.

30. Pursuant to § 1129(a) and effective as of the date of entry of this Order, all remaining property of the Debtor should be vested free and clear of all liens, claims and interests, except as specifically provided in the Order Confirming Joint Plan and in the Joint Plan.

31. Lain Faulkner & Company is hereby appointed to serve as the Plan

Administrator under the Joint Plan; however, in the event Lain Faulkner & Company is unable to serve in this capacity, this Court shall appoint as a substitute Plan Administrator a qualified party mutually agreed upon by the United States Trustee and Proponents.

32. The Plan Administrator should be authorized and empowered to issue, execute, deliver, file or record any document, and to take any action necessary or appropriate to implement, effectuate and consummate the Joint Plan in accordance with its terms, whether or not such document or action is specifically referred to in the Joint Plan and without further application to or order of this Court.

33. All fees payable under 28 U.S.C. § 1930, if not already paid, should be paid by the Plan Administrator on the Effective Date or when due if due after the Effective Date, and that the Plan Administrator, in its representative capacity only and not individually, should be responsible for the timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until a Final Decree is entered and the case is closed by the Clerk of the Court.

34. This Court shall retain and have all the jurisdiction conferred upon it by Titles 28 and 11 of the United States Code and all amendments thereto, after the date of entry of this Order, and in particular shall retain jurisdiction over all requests for compensation and reimbursement of expenses by professionals in connection with the Joint Plan or this case, for services and expenses before confirmation of the Joint Plan, and all such requests shall be subject to Court approval, after notice and hearing.

35. All executory contracts and unexpired leases of the Debtor have heretofore either been assumed or rejected by prior orders of this Court. If, however, any executory contracts or unexpired leases have not previously been assumed or rejected, they shall be deemed to have been rejected by the Debtor upon the Confirmation Date, as defined in the Joint Plan.

36. All administrative expense claims and claims for damages based on the Debtor's rejection of an executory contract or unexpired lease must be filed on or before the thirtieth (30th) day following the entry of this Order.

37. The terms of the compromise settlement proposed by the Proponents and SP Richards Company and Horizon, Inc. in the Joint Plan including release of the claims of each against the other should be and hereby are approved.

### END OF ORDER ###